**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN THE MATTER OF THE COMPLAINT OF OMNI MARINE TRANSPORTATION, INC., AS OWNER OF THE M/V DOUGLAS, ITS ENGINES, TACKLE, APPURTENANCES, FURNITURE, ETC. PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | **CIVIL ACTION NO. 23-784**<br><br>**SECTION:**<br><br>**JUDGE:**<br><br>**MAGISTRATE:** |

**VERIFIED COMPLAINT IN LIMITATION**

The Complaint of Omni Marine Transportation, Inc. ("Limitation Petitioner"), as owner of the M/V DOUGLAS, in a civil and maritime cause of action for exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501, *et seq.*, alleges upon information and belief as follows:[1]

1.

Subject matter jurisdiction exists pursuant to the admiralty and maritime jurisdiction of the United States District Courts, 28 U.S.C. § 1333 and the Limitation of Liability Act, as re-codified in 46 U.S.C. § 30501, *et seq.* This is an admiralty law claim within the meaning of Federal Rule of Civil Procedure 9(h) and Rule F of the Supplemental Rules for certain admiralty and maritime claims.

2.

Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to Supplemental Rule F because the M/V DOUGLAS and the alleged incident at the

---

[1] Exhibit "A" Verification of Complaint.

center of this controversy on or about September 6, 2021 occurred within this District.

3.

At all material times, Omni Marine Transportation, Inc. ("Omni Marine") was and is now a Louisiana corporation duly organized and existing under and by virtue of the laws of the State of Louisiana with its principal place of business in Harvey, Louisiana.

4.

At all material times, Omni Marine Transportation, Inc. was the owner and operator of the M/V DOUGLAS and the employer of its crew.

5.

The M/V DOUGLAS is a 52.9' x 20.0' ft. towing vessel built in 1968 bearing Official No. 517137 that is documented pursuant to the laws of the United States of America.

6.

At all material times, the M/V DOUGLAS was tight, staunch, strong and seaworthy, and was at all times properly manned, equipped and supplied, and was in all respects fit for the service or services for which it was engaged; and Omni Marine, at all material times, exercised due diligence to ensure the M/V M/V DOUGLAS remained tight, staunch, strong, fit, properly manned, equipped, and supplied and in all other respects seaworthy.

7.

On September 6, 2021, the M/V DOUGLAS was moored at Cargill Marine and Terminal Inc. grain elevator located at Mile 103.1 on the Westbank of the Mississippi River, 933 River Road, Westwego, Louisiana, 70094.  Deckhand Jarred Scott left the M/V DOUGLAS with permission to check on his grandmother.  It is contested whether Jarred Scott ever returned to the M/V DOUGLAS.  Jarred Scott's body was found two days later, September 8, 2021, in the Mississippi River near mile marker 94.8.

8.

Omni Marine Transportation, Inc. denies Mr. Scott was injured or harmed on its vessel, M/V DOUGLAS, and Mr. Scott's death did not involve in any way Crescent Marine's vessel and/or crew.

9.

Jarred Scott's brother, Joshua Scott, and father, Roland Scott, have filed suit in 24th Jefferson Parish District Court against Cargill Inc. and Crescent Marine Inc. (improperly named and Omni Marine Transportation, Inc. should be substituted for same).

10.

Cargill Marine and Terminal Inc. has made a demand for defense and indemnity to Omni Marine Transportation, Inc. pursuant to written contract for any claims and demands by Joshua Scott and Roland Scott against "Cargill, Inc."

11.

This Limitation Petition is filed timely under Rule F(1) because it is being filed within six months of Limitation Petitioner's first written notice of a potential claim, which is the receipt of service on September 16, 2022 of Petition filed on September 6, 2022 on behalf of Joshua Scott and Roland Scott in 24th Judicial District Court for the Parish of Jefferson.

12.

Any and all injury and resulting death of Jarred Scott occurred off the vessel and were not caused or contributed to by any fault, negligence or lack of due care on the part of Limitation Petitioner or the M/V DOUGLAS, her tow or any person in charge of the M/V DOUGLAS, her tow or any person for whom Limitation Petitioner was or is responsible.  The aforementioned incident, and the resulting losses and damages, if any, liability for which is specifically denied by Petitioner, was done and occurred without the fault, privity or knowledge

of the Petitioner.

13.

On September 6, 2021, the day of the alleged foregoing incident, the value of the M/V DOUGLAS was $279,000 as per the attached Declaration of Value, pursuant to 28 U.S.C. §1746, by George Beck, certified marine surveyor and appraiser (See Exhibit "B").

14.

Limitation Plaintiff shows that if it should be held liable in any degree to any party, which is denied, its liability should be limited to and not exceed the amount or value of Limitation Plaintiff's interest in the M/V DOUGLAS in the sum of $ 279,000.

15.

In connection with this Limitation Complaint, Limitation Petitioner, is submitting a Letter of Undertaking with the Court for the benefit of claimants in the sum of $279,000 (Two Hundred and Seventy-Nine Thousand Dollars and xx/100U.S. DOLLARS from its underwriter, Starr Indemnity & Liability Company (*See* Exhibit "A").

16.

Should it later appear that Omni Marine Transportation, Inc. is or may be liable and that the amount or value of its interest in the M/V DOUGLAS are not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum of the value of the M/V DOUGLAS, saving to all such claimants any rights of priority they may have, as ordered by this Honorable Court, or as provided by the aforesaid statutes, the Federal Rules of Civil Procedure and Supplemental Rules, general maritime law, and the rules and practices of this Honorable Court.

17.

Upon information and belief, there are currently three existing claims.  To the best of Petitioners' information and belief, such claimants are as follows:

(1) Joshua Scott, Jarred Scott's brother represented by Rhett King, Esq. and Berney Strauss of Struss & King Law Firm;

(2) Roland Scott, Jarred Scott's father represented by Rhett King, Esq. and Berney Strauss of Struss & King Law Firm;

(3) Cargill, Inc. (doing business as Cargill Marine and Terminal Inc.)

18.

All and singular, the premises set forth herein are true and fall within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE**, Limitation Plaintiff, Omni Marine Transportation, Inc., prays that:

1.      This Honorable Court issue enter an Order approving the submitted Letter of Undertaking pursuant to 46 U.S.C. § 30501(b);

2.      This Honorable Court issue a monition notice to all persons, firms and corporations asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Limitation Petitioner a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for Limitation Petitioner an Answer to this Complaint on or before the said date, unless his or her claim has included an Answer, so designated;

3.      The Court issue an injunction restricting the commencement and/or prosecution of any and all actions, suits, or legal proceedings of any kind

whatsoever against Omni Marine Transportation Inc., its employees, agents, insurers, parent companies, affiliates, contractors, property, or the M/V DOUGLAS and/or its underwriters arising out of the aforesaid casualty, other than in the present action;

4.     That the Court adjudge Omni Marine Transportation, Inc., its employees, its or their insurers and underwriters and the M/V DOUGLAS not liable to any extent whatsoever for any damage of any kind arising out of the aforesaid matter;

5.     Alternatively, if the Court should adjudge Omni Marine Transportation, Inc. or the M/V DOUGLAS liable in any amount whatsoever, their liability should be limited to and not to exceed the amount or value of Limitation Plaintiff's interest in the M/V DOUGLAS at the time of the alleged incident of $279,000.

6.     Omni Marine Transportation, Inc. be granted such other and further relief as justice and equity may require, including the right to supplement and amend the foregoing pleadings, in the interest of justice.

Respectfully submitted:
**DUNCAN & SEVIN, L.L.C.**

*Kelley A. Sevin*

_____
**KELLEY A. SEVIN T.A. (#25871)**
**ELTON F. DUNCAN III, (#14967)**
5500 Prytania St. #537
New Orleans, LA  70115
Telephone: (504) 524-5566
Facsimile: (504) 524-9003
E-Mail: ksevin@duncansevin.com
E-Mail: eduncan@duncansevin.com
Attorneys for Omni Marine Transportation, Inc.

**CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the above and foregoing pleading has been electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record, this 2nd day of March, 2023.

Kelley A. Servin

_____